# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COREY BRACEY,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Civil Action No. 09-1662** |
| ) | **Magistrate Judge Maureen P. Kelly** |
| **LIEUTENANT PRICE; DAN DAVIS;** ) | |
| **EAGLE, Correctional Officer I,** ) | |
| **CAPTAIN WORKMAN;** ) | |
| **CAPTAIN LEGGET; BITTNER,** ) | |
| **Correctional Officer II;** ) | |
| **LIEUTENANT LESURE; ANDERSON,** ) | **[ECF Nos. 68 and 70]** |
| **Correctional Officer II; KERRI CROSS;** ) | |
| **DEPUTY GATES; BRAUNLICH,** ) | |
| **Correctional Officer II; MELISSA** ) | |
| **VARNER; MACINTYRE; JEFFREY** ) | |
| **BEARD, Pa Department of Corrections;** ) | |
| **BRIAN COLEMAN,** ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

**MAUREEN P. KELLY, United States Magistrate Judge:**

Plaintiff Corey Bracey, a state inmate currently housed in the custody of the Pennsylvania

Department of Corrections ("DOC") at the State Correctional Institution at Smithfield ("SCI-

Smithfield"), has filed this action against 16 DOC officials and employees for alleged violations

of his rights under the United States Constitution and Pennsylvania law.  Following this Court's

Memorandum Opinion and Order dated July 1, 2011, [ECF No. 50], ruling on Defendants'

Partial Motion to Dismiss, Plaintiff's remaining claims are: the alleged unconstitutional

conditions of Plaintiff's confinement in an unsanitary cell located in the Restricted Housing Unit

("RHU") at the State Correctional Institution at Fayette ("SCI-Fayette"), alleged acts of

retaliation after the filing of grievances regarding past alleged sexual harassment in violation of

1

Plaintiff's First Amendment rights, and a state tort claim of conversion arising out of the confiscation of some on Plaintiff's property.

Presently before this Court are two motions to compel filed by Plaintiff.  In the first Motion to Compel, ECF No. 68,  Plaintiff seeks to compel the production of (1) personnel records of Defendants Bittner, Lesure and Leggett to establish that they are of "bad character" [ECF No. 69, p.4]; (2) Defendant Cross's statistical record as a grievance hearing examiner to establish that she has "an inherent bias towards prisoners" which will purportedly explain why Plaintiff  has been found guilty of misconduct charges; (3) the history of sexual harassment charges filed at SCI-Greene for the years 2005-2007; (4) security procedure manuals; (5) Plaintiff's previously confiscated property; (6) Plaintiff's "Cumulative Adjustment Records" and confidential inmate history files; and, (7) DOC housing logs for SCI-Fayette to support his assertion that he could have been housed in a different cell upon his initial transfer from SCI-Greene.

In the second motion, captioned "Motion to Compel Discovery and to Toll Discovery Deadlines," ECF No. 70, Plaintiff seeks sanctions and to compel the production of interrogatory responses from Defendant Beard, the retired Pennsylvania Secretary to the Department of Corrections.

Defendants have responded to both motions.  As to Plaintiff's Motion to Compel at ECF No. 69, Defendants have responded that the discovery sought is irrelevant and overly broad or is privileged for valid security reasons. Having reviewed all of the filings of the respective parties as to this Motion to Compel, for the reasons set forth below, Plaintiff's Motion to Compel at ECF No. 68 will be GRANTED IN PART and DENIED IN PART.  As to Plaintiff's Motion to Compel Discovery at ECF No. 70, it is noted the requested responses from Secretary Beard have

been provided to the Plaintiff.  [ECF No. 72, ¶ 2].  Because the delay was reasonable, predicated

upon Secretary Beard's retirement, and because Plaintiff has not been prejudiced in any way by

the delay, the Motion to Compel at ECF No. 70 is DENIED as moot.


**III.    DISCUSSION**

      The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil

Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of
> discovery is as follows: Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense—including the existence,
> description, nature, custody, condition, and location of any documents or other
> tangible things and the identity and location of persons who know of any
> discoverable matter. For good cause, the court may order discovery of any matter
> relevant to the subject matter involved in the action. Relevant information need
> not be admissible at trial if the discovery appears reasonably calculated to lead to
> the discovery of admissible evidence. All discovery is subject to the limitations
> imposed by Rule 26(b)(2)(C).

Fed.R.Civ.P. 26(b)(1).

      Rulings regarding the proper scope of discovery, and the extent to which discovery may

be compelled, are matters consigned to the court's discretion and judgment. It has long been held

that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound

discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

      This discretion is guided, however, by certain basic principles. Thus, at the outset, it is

clear that Rule 26's broad definition of that which can be obtained through discovery reaches

only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid

claims of relevance and privilege restrict the court's discretion in ruling on discovery issues.

Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a

concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b) (1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan.2009).

### A. Personnel/Disciplinary Records of Defendants Bittner, Lesure and Leggett

To the extent that litigants seek disciplinary information contained in personnel files through the discovery process, courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan–Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir. 2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa. 1994) ("[P]ersonnel files are confidential and discovery should be limited.").

Smith v. Donate, No. 10-2133, 2011 WL 5593160 (M.D. Pa. Nov. 17, 2011), quoting, Harris v. Harley–Davidson Motor Co. Operations, Inc., No. 09–1449, 2010 WL 4683776, *5 (M.D.Pa. Nov.10, 2010); and, Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("personnel files are confidential and discovery should be limited.").

Here, Plaintiff contends that the records of Defendants' past disciplinary proceedings may result in evidence regarding Defendants' honesty or may lead to other evidence that the Defendants are predisposed against prisoners.  ECF Nos. 69, ¶ 69, 73, ¶¶ 2, 3.  Neither of these two broad assertions meets the burden initially placed on the Plaintiff to prove the relevance of the request for information.  <u>Morrison v. Philadelphia Housing Auth.</u>, 203 F.R.D. 195, 196 (E.D. Pa. 2001).  Plaintiff fails to specifically assert or demonstrate the "particularized relevance" of any of the categories of records sought.  While courts are reluctant to broadly prohibit discovery, given the breadth of these discovery requests, which may implicate records having no bearing on any claim asserted, Plaintiff's Motion to Compel Defendants' Bittner, Lesure and Legett's Disciplinary Records is DENIED.  <u>Paluch v. Dawson</u>, No. 06-01751, 2007 WL 4375937 (M.D. Pa. Dec. 12, 2007).

### B.  Defendant Cross's Statistics as a Grievance Hearing Examiner

Plaintiff seeks to compel Defendant Cross's "statistical history of guilty pleas versus not guilty pleas, and how many prisoners she subsequently found guilty…." [ECF No. 69, p. 5]. This request is not limited in any way with regard to the context of the facts in which the findings were made and accordingly has no rational bearing on Plaintiff's claims against Defendant Cross.  Given the marginal relevance of the information sought, Plaintiff's Motion to Compel Defendant Cross's hearing statistics is DENIED.

### C.  Defendant Price: Sexual Harassment Claims from 2005-2007

As correctly indicated by Defendants, Plaintiff's sexual harassment claim has been dismissed from this action and as such, documents related to sexual harassment claims filed by other inmates in the time period 2005-2007 are irrelevant.  Plaintiff's Motion to Compel this information is DENIED.

### D.  Defendant Gates: Security Procedures

Plaintiff seeks the production of security procedures set forth at 6.5.1 and 6.3.1 of the DOC Procedure Manuals.  The manuals lay out in detail how the highest level security units within the DOC, including the RHU, are run. Allowing Plaintiff access to such information would obviously create a substantial security risk. See Paluch v. Dawson, 2007 WL 4375937 at *5 (W.D. Pa. Dec. 12, 2007). As such, the Motion to Compel is DENIED with respect to these requests.

Plaintiff also seeks, through Defendant Gates, the production of  "investigatory reports filed and/or conducted against Defendant Bittner."  As indicated infra, Plaintiff has failed to make a particularized showing of relevance as to these records and, accordingly, Plaintiff has not met his initial burden to justify the production of these records.  Plaintiff's perfunctory assertion that the records would show Bittner's "lack of credibility and general pre-disposition to prisoners" is simply not sufficient to order the disclosure of confidential records.  Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("personnel files are confidential and discovery should be limited.").  Accordingly, Plaintiff's Motion to Compel Defendant Bittner's personnel records through Defendant Gates is DENIED.

Plaintiff also seeks to compel his "Cumulative Adjustment Record" and DC-17X forms for the period 2007 through 2010.  These documents evidently contain "personal observations and interactions by unit managers, counselors, mental health professionals, and other DOC staff of the inmate wherein, amongst other things, plans on how to proceed with the inmate are included.  The DC-15 contains a wealth of the same type of information."  [ECF No. 71, ¶ 11]. Defendants object to the production of these documents noting the security risk presented to staff of potential retaliation and possible manipulation of the conditions of Plaintiff's confinement.

Plaintiff contends the information is relevant to "show Plaintiff is not problematic" as he is made out to be by Defendants.  [ECF No. 69, p.7].

Similar documents, albeit subject to substantial redaction of confidential information, have previously been produced by the DOC in prisoner civil rights litigation. See, e.g, Paluch v. Dawson, No. 06-1751, 2008 WL 2785638 (M.D. Pa. 2008).  The security issues associated with blanket production of these reports are well-founded.  Accordingly, to the extent that the documents can be redacted to eliminate all confidential and/or privileged security-related information, Plaintiff's Motion to Compel is GRANTED and Defendants are directed to respond to Plaintiff's request within thirty (30) days of the date of this Opinion and Order.

### E. DOC: SCI-Fayette Housing Log

Plaintiff seeks the SCI-Fayette Housing Log for J and L Blocks for the period December 4, 2008 through January 5, 2009, to show that he could have been housed in a cell without an in-cell camera.  Defendants have responded that this information does not exist in the form requested, as housing records are kept by inmate, not by cell.  The burden of determining which inmates were housed on the indicated cell blocks for the relevant time frame, to determine which cells, if any, were not occupied,  far outweighs any marginal relevance of the requested information, Plaintiff's Motion to Compel the Housing Log is DENIED.

IV.     **CONCLUSION**

Based on the foregoing, with the exception of the redacted copies of Plaintiff's DC-17x and DC-15 reports, Plaintiff's Motions to Compel [ECF Nos 68 and 70] are denied.  An appropriate order follows.

**ORDER**

**AND NOW,** this 13th day of March, 2012, upon consideration of Plaintiff's Motions to Compel at ECF Nos. 68 and 70, and for the reasons set forth in the accompanying Opinion, it is **HEREBY ORDERED** that:

1.   The Motion to Compel [ECF No. 68] is GRANTED in part only to the extent Defendants are to produce copies of Plaintiff's 17x and DC 15 Reports, as redacted to remove all confidential and/or privileged security-related information bearing upon any DOC employee's impressions, personal observation and interactions, as well as information regarding DOC's placement and behavior modification plans with regard to the inmate at issue.  The redacted reports are to be produced to Plaintiff within thirty (30) days of this Order.  In all other respects, Plaintiff's Motion to Compel at ECF No. 68 is DENIED.

2.   The Motion to Compel Discovery [ECF No. 70] is DENIED as moot.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     Corey Bracey
        GS-4754
        SCI Smithfield
        Box 999, 1120 Pike Street
        Huntingdon, PA 16652

        All counsel of record via CM/ECF